```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
```

BERNARD R. GALLAGHER,

      **DECISION AND ORDER**
   Plaintiff,   **No. 11-CV-159MAT**

 -vs-

MICHAEL J. ASTRUE,
COMMISSIONER OF THE
SOCIAL SECURITY ADMINISTRATION

   Respondent.
_____

## I. Introduction and Preliminary Matters

Bernard R. Gallagher ("Gallagher" or "Petitioner") commenced an action, pursuant to 42 U.S.C. § 405(g), to review the final determination of Defendant Commissioner of Social Security that Plaintiff was not entitled to a waiver of the recovery of an overpayment of benefits. See Dkt. No. 1.

By Report and Recommendation ("the R&R") dated September 13, 2012 (Dkt. No. 15), United States Magistrate Judge Hugh B. Scott recommended that the decision of the Commissioner be affirmed and the Complaint dismissed. Gallagher filed objections to the R&R (Dkt. No. 16). Respondent filed a reply (Dkt. No. 18). Gallagher was directed to file a reply by October 29, 2012 (Dkt. No. 19). Gallagher, however, did not file a reply.

This matter was transferred to the undersigned on May 29, 2013. Dkt. No. 20.

For the reasons set forth below, the R&R is accepted and adopted in its entirety. The decision of the Commissioner is affirmed and the Complaint is dismissed.

## II. Factual Background

Gallagher was found to be disabled and entitled to disability benefits with an onset date of November 7, 1997. Administrative Transcript [Tr.] 38. In May of 2002, Plaintiff was advised that his disability benefits had ended because he had engaged in substantial gainful activity. He was further advised that he was entitled to a 36-month period of extended entitlement to benefits, beginning in January of 2000, for any month in which he did not engage in substantial gainful activity. Tr. 43-49. In July of 2005, Gallagher was advised that he had engaged in substantial gainful activity during the period of extended entitlement. Tr. 52. On May 8, 2006, the Social Security Administration ("SSA") determined that Plaintiff had received an overpayment of benefits totaling $30,119. Gallagher was also advised that he was "at fault" for causing the overpayment, and that his request for waiver of overpayment was denied. Tr. 55, 57-60, 63, 207.

An administrative hearing was held on April 2, 2009 before Administrative Law Judge ("ALJ") Grenville W. Harrop, Jr. Tr. 256-288. Gallagher testified that at the time of hearing he was working 32 hours per week for the Internal Revenue Services, at the hourly rate of $15.06. Tr. 268-269. Gallagher also testified that

he had $71,428 in the bank, which represented a settlement compensating him for his father's death from lung cancer. Tr. 274-275.  He stated that his monthly expenses were approximately $1200 to $1300 per month.  Tr. 275.  In an April 7, 2009 letter to the ALJ, Gallagher stated that he has "always been capable of work" but felt that he was underemployed due to his disabilities.  Tr. 254. The ALJ determined that Gallagher had been overpaid in the amount of $30,119.  Further, the ALJ determined that Gallagher was without fault for the overpayment, but that recovery of the overpayment would not defeat the purpose of Title II of the Act or be against equity and good conscience.[1]  Tr. 20-22.  The ALJ recommended a repayment schedule.  Tr. 21.  The decision of the ALJ became the Commissioner's final decision when the Appeals Council denied Gallagher's request for review on January 6, 2011.

**III. Standard of Review**

In reviewing the Report and Recommendation, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C.A.

---

[1] The Social Security Act only permits a waiver of overpayment recovery when: (1) the overpaid person is without fault, and (2) recovery would defeat the purpose of Title II or would be against equity and good conscience. 42 U.S.C. § 404(b); 20 C.F.R. § 404.506(a). Otherwise, the Commissioner is authorized to recover the overpayment under SSA regulations. 42 U.S.C. § 404(a)(1)(A).  To be against equity and good conscience, a claimant must show that he "changed . . . her position for the worse or relinquished a valuable right . . . because of the overpayment itself" irrespective of his financial status at the time. 20 C.F.R. § 404.509(a)-(b).  Plaintiff has the burden of establishing his entitlement to a waiver of overpayment recovery. See 20 C.F.R. § 404.506(c).

§ 636(b)(1)(C). The Court is required to make a *de novo* determination as to the aspects of the Report to which objections are made. United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997). However, a plaintiff is not entitled to *de novo* review upon making general or conclusory objections that do not address specific issues in the magistrate's report and recommendation. See Vargas v. Keane, 1994 U.S. Dist. LEXIS 17701, No. 93-CV-7852 (MBM), 1994 WL 693885 (S.D.N.Y. Dec. 12, 1994); Klawitter v. Chater, 1995 U.S. Dist. LEXIS 16162, No. 93-CV-0054E (JTE), 1995 WL 643367 at "1 (W.D.N.Y. Oct. 18, 1995); Murphy v. Grabo, 1998 U.S. Dist. LEXIS 5043, No. 94-CV-1684 (RSP), 1998 WL 166840 at *1 (N.D.N.Y. Apr. 9, 1998). Nor is *de novo* review warranted where an objection merely reiterates arguments made before the magistrate judge. Camardo v. General Motors Hourly-Rate Employees Pension Plan, 806 F. Supp. 380, 382 (W.D.N.Y. 1992). Under such circumstances, a report and recommendation is reviewed for clear error. Montalvo v. Barnhart, No. 02-CV-0494, 457 F. Supp. 2d 150, 2006 U.S. Dist. LEXIS 91065, 2006 WL 3001161, at *3 (W.D.N.Y. 2006).

**IV. Analysis of Plaintiff's Objections to the R&R**

Here, Plaintiff appears to lodge three objections to Magistrate Judge Scott's R&R. First, Plaintiff asserts that Magistrate Judge Scott erred by not specifically addressing the ALJ's allegedly erroneous statement of law during the administrative hearing, in which the ALJ stated that "in an

overpayment situation, there are two steps: [o]ne is to be found without fault in causing the overpayment. And secondly, whether it would be against equity and good conscience -- in other words, that you do not have the money to pay back an overpayment . . . ." Objections at 1; Tr. 275. Plaintiff also asserts that Magistrate Judge Scott erred in his evaluation of Quinlivan v. Sullivan, 916 F.2d 524 (9th Cir. 1990), a Ninth Circuit case, which Plaintiff previously submitted to the Court in support of his contention that the "the meaning of 'equity and good conscience' should be more broadly defined." And, in what appears to be a third objection to the R&R, Plaintiff argues that "[he] should have been covered under [his] father[']s [social security] benefits, because [he] was permanently disabled as a minor." Objections at 1.

**A.  Plaintiff's First Objection - (The Magistrate Judge Erred in Failing to Address ALJ's Alleged Misstatement of Law)**

With respect to Plaintiff's first objection, Plaintiff substantively reiterates the same argument that he made in his brief before Magistrate Judge Scott, in which he argued that the ALJ erroneously stated during the administrative hearing that Plaintiff's financial resources could be considered with respect to the application of the "equity and good conscience" provision (see n.1, *supra*). As such, this is neither a specific objection, nor is it entirely an accurate statement. To the contrary, Magistrate Judge Scott did consider Plaintiff's contention that the ALJ erred

overpayment situation, there are two steps: [o]ne is to be found without fault in causing the overpayment. And secondly, whether it would be against equity and good conscience -- in other words, that you do not have the money to pay back an overpayment . . . ." Objections at 1; Tr. 275. Plaintiff also asserts that Magistrate Judge Scott erred in his evaluation of Quinlivan v. Sullivan, 916 F.2d 524 (9th Cir. 1990), a Ninth Circuit case, which Plaintiff previously submitted to the Court in support of his contention that the "the meaning of 'equity and good conscience' should be more broadly defined." And, in what appears to be a third objection to the R&R, Plaintiff argues that "[he] should have been covered under [his] father[']s [social security] benefits, because [he] was permanently disabled as a minor." Objections at 1.

**A.   Plaintiff's First Objection - (The Magistrate Judge Erred in Failing to Address ALJ's Alleged Misstatement of Law)**

With respect to Plaintiff's first objection, Plaintiff substantively reiterates the same argument that he made in his brief before Magistrate Judge Scott, in which he argued that the ALJ erroneously stated during the administrative hearing that Plaintiff's financial resources could be considered with respect to the application of the "equity and good conscience" provision (see n.1, *supra*). As such, this is neither a specific objection, nor is it entirely an accurate statement. To the contrary, Magistrate Judge Scott did consider Plaintiff's contention that the ALJ erred

by considering Plaintiff's financial resources in making his finding regarding the equity and good conscience prong, and, citing to C.F.R. § 404.509(b), correctly determined that "Plaintiff [was] correct that his financial resources were not to be considered." See R&R at 7-8.  Moreover, Magistrate Judge Scott properly found that, to consider a waiver of recovery of an overpayment based upon "equity and good conscience," Plaintiff must first establish that he has changed his position for the worse or relinquished a valuable right because of the overpayment, which Plaintiff failed to do.  See R&R at 7-8.

Plaintiff asserts now, for the first time in his objection to the R&R, without any evidentiary support other than his own unsworn allegation, that he did, in fact, "change[] his position for the worse"[2] because of the overpayment.  Although federal law permits a district court to consider new evidence submitted in response to an R&R, see 28 U.S.C. § 636(b)(1), it by no means requires a Court to do so, placing this determination within the court's discretion. See Hynes v. Squillace, 143 F.3d 653, 656 (2d Cir. 1998).  In fact, "considerations of efficiency and fairness militate in favor of a full evidentiary submission for the Magistrate Judge's consideration."  Id. at 656;  see also Borden v. Secretary of

---

[2] Plaintiff asserts that, "during this period, my sister Kathy Shiah offered to buy a house that I could live in, holding the mortgage.  I allowed this, because I assumed that I would have the benefits to pay her $400.00 rent and the utilities.  So I did change my position for the worse, by agreeing to indirectly pay off a mortgage and incurring this debt."  Objections at 1.

H.H.S., 836 F.2d 4, 6 (1st Cir. 1987) (per curiam) (plaintiff waived argument by failing to present it to magistrate); Singh v. Superintending Sch. Comm., 593 F. Supp. 1315, 1318 (D. Me. 1984) ("all parties are required to take before [the magistrate], not only their 'best shot' but all of their shots"). Accordingly, because Plaintiff raises this argument for the first time in his objection to the R&R and has offered no explanation as to why he did not do so sooner, the Court deems it waived.

In sum, the Court has reviewed Plaintiff's objection and the relevant portion of Magistrate Judge Scott's comprehensive and well-reasoned R&R and finds that there is no clear error. Accordingly, Plaintiff's first objection is rejected.

**B.    Plaintiff's Second Objection –(The Magistrate Judge Erred in Evaluating Quinlivan v. Sullivan)**

Similarly, with respect to Plaintiff's second objection –- that Magistrate Judge Scott erred in his evaluation of Quinlivan v. Sullivan, 916 F.2d 524 (9th Cir. 1990) -- Plaintiff again reiterates arguments that he previously submitted to Magistrate Judge Scott. Plaintiff continues to maintain, as he did before Magistrate Judge Scott, that Quinlivan, a Ninth Circuit case holding that the language in 20 C.F.R. § 404.509(b) defining the circumstances warranting a waiver under equity and good conscience was too narrow, is factually similar to his case. See Objections at 1. Because Plaintiff simply reiterates his original arguments, the Court reviews the R&R for clear error only. See Barratt v.

Joie, 2002 U.S. Dist. LEXIS 3453, 2002 WL 335014, at *1 (S.D.N.Y. 2002) (citing Camardo and noting that "when a party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the [R&R] only for clear error"); see also Dennard v. Kelly, 1996 U.S. Dist. LEXIS 19622, 1997 WL 9785, at *1 (W.D.N.Y. 1997) (discussing Camardo and noting that a "proceeding before the Magistrate Judge is not a meaningless dress rehearsal"). After reviewing the relevant portions of the R&R discussing Quinlivan, the administrative record, and having considered the arguments made in support of and in opposition to Plaintiff's objections, this Court finds no clear error in Magistrate Judge Scott's conclusion that Quinlivan is not applicable to the instant matter. See R&R at 8-9. In his R&R, Magistrate Scott engaged in a lengthy discussion of Quinlivan, correctly distinguishing its facts, and reasonably concluding that it was not applicable to Plaintiff's case. See R&R at 8-9. Accordingly, the Court finds no clear error in the R&R, and rejects Plaintiff's second objection.

### C. Plaintiff's Third Objection – (Plaintiff Should Have Been Covered Under his Father's Social Security Benefits)

In what appears to be a third and final objection to the R&R, Plaintiff asserts that "[he] should have been covered under [his] father[']s [social security] benefits, because [he] was permanently disabled as a minor." Objections at 1. Plaintiff did not raise this issue in his administrative appeal or his original brief

before Magistrate Judge Scott, and does so now for the first time in his objections to the R&R. As such, the Court finds this argument waived. See U.S. v. Sabri, 973 F. Supp. 134, 149 (W.D.N.Y. 1996) (citing Paterson-Leitch Co., Inc. v. Massachusetts Mun. Wholesale Elec. Co., 840 F.2d 985 (1st Cir. 1988) (the District Court on *de novo* review will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but were not, presented to the Magistrate Judge in the first instance)). Accordingly, the Court rejects Plaintiff's third objection to the R&R.

**V.   Conclusion**

For the reasons set forth above, the Court agrees with each of the recommendations made by Magistrate Judge Scott. As a result, the Court accepts and adopts Magistrate Judge Scott's R&R in its entirety.

It is hereby **ORDERED** that Magistrate Judge Scott's R&R (Dkt. No. 15) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that the Complaint (Dkt. No. 1) in this matter is **DISMISSED**; and it is further

**ORDERED** that a certificate of appealability shall not issue with respect to any of the claims set forth in the Complaint as Plaintiff has not made a "substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2). The Court also hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3),

that any appeal from this judgment would not be taken in good faith and therefore denies leave to appeal as a poor person. <u>Coppedge v. United States</u>, 369 U.S. 438 (1962).

Plaintiff must file any notice of appeal with the Clerk's Office, United States District Court, Western District of New York, within thirty (30) days of the date of judgment in this action. Requests to proceed on appeal as a poor person must be filed with United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED.**

S/Michael A. Telesca

HONORABLE MICHAEL A. TELESCA
United States District Judge

DATED:   June 10, 2013
         Rochester, New York